UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SANCHEZ,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 1:18-cv-00868-EPG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>(ECF No. 12) |

On June 25, 2018, Plaintiff, Miguel Sanchez, appearing *pro se*, initiated this action seeking review of the denial of Social Security Disability and/or Supplemental Security Income benefits. (ECF No. 1.) Defendant, the Commissioner of Social Security, moves for dismissal of the action for lack of jurisdiction. (ECF No. 12.) On February 1, 2019, the Court entered an order directing Plaintiff to file his response to the motion to dismiss, if any, within fourteen days. (ECF No. 13.) More than fourteen days have passed and Plaintiff has not filed a response. For the reasons discussed below, the Court grants the motion to dismiss and dismisses this action for lack of subject matter jurisdiction.

**I. LEGAL STANDARD**

Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). A defendant can challenge subject matter jurisdiction in one

of two ways—through a facial attack or a factual attack. A "facial' attack "accepts the truth of the plaintiff's allegations but asserts that they are 'insufficient on their face to invoke federal jurisdiction.'" Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). In contrast, a "factual" attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.*

"When the defendant raises a factual attack, the plaintiff must support [his] jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* If the existence of subject matter jurisdiction turns on disputed factual issues, the court may resolve those factual disputes itself, unless those factual disputes are "intertwined with an element of the merits of the plaintiff's claim." *Id.* at 1121-22 & n.3.

## II. DISCUSSION

A plaintiff may obtain judicial review of a "*final decision* of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g) (emphasis added); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'").

Here, the undisputed information provided to the Court by Defendant demonstrates the following: Plaintiff filed an application for disability benefits under Titles II and XVI of the Social Security Act on April 15, 2015. (ECF No. 12-1 at 4-17, Exs. 1-2.) The Social Security Administration denied Plaintiff's application. (ECF No. 12-1 at 19-28, Exs.3-4.) On November 23, 2015, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (ECF No. 12-1 at 29-34, Ex. 5.) Plaintiff and his representative withdrew that request for hearing in correspondence to the Social Security Administration dated June 30, 2017. (ECF No. 12-1 at 35, Ex. 6.) An ALJ dismissed Plaintiff's request for hearing on July 18, 2017. (ECF No. 12-1 at 37-38, Ex. 7.) On September 20, 2017, Plaintiff filed a request for review of the ALJ's dismissal of his request for hearing. (ECF No. 12-1 at 42, Ex. 8.) The Appeals Council

denied Plaintiff's request for review on April 12, 2018.[1] (ECF No. 12-1 at 44, 46, Ex. 9.)

Based on this undisputed information, the Court finds that there is not a *final decision* of the Commissioner made after a hearing, and that the Court lacks subject matter jurisdiction over this action. *See* 42 U.S.C. § 405(g); *Califano*, 430 U.S. at 108 (section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'").

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 12) is granted. This action is dismissed for lack of subject matter jurisdiction.

The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: **February 21, 2019**   /s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the Appeals Council's notice to Plaintiff did not notify Plaintiff of his appeal rights to file a civil action in federal court (*see* ECF No. 12-1 at 44, 46, Ex. 9), Defendant has not challenged and the Court is not relying on the timeliness or lack of timeliness of Plaintiff's initiation of this civil action. Rather, the Court is relying solely on the lack of a final agency decision in finding that the Court lacks subject matter jurisdiction.